**Wilbert S. CARTER, Jr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3333.

United States Court of Appeals, Federal Circuit.

Jan. 12, 2001.

Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Petitioner Wilbert S. Carter, Jr., seeks review of a decision of the Merit Systems Protection Board ("Board"), Docket No. BN–0752–99–0175–I–1, 86 M.S.P.R. 333, dismissing his appeal as untimely. We *affirm.*

I

The United States Postal Service ("agency") removed Carter from his position of City Carrier effect January 12,

1996. On February 21, 1996, Carter filed a formal Equal Employment Opportunity (EEO) Complaint alleging that his termination was based on race and in retaliation for his prior EEO activity. On August 29, 1997, Carter received the agency's final decision with a finding of no discrimination. The agency decision notified Carter of his right to appeal to the Board with 30 days of his receipt of the decision or, in the alternative, to file a civil action in United States District Court within 30 days of his receipt of the decision. On October 9, 1998, Carter filed a civil complaint in the United States District Court for the District of Connecticut. That complaint was dismissed on March 29, 2000.

On July 1, 1999, Carter filed an appeal with the Board, approximately 21 months after the appeal's due date. Noting that the appeal appeared to be untimely, the administrative judge ordered Carter to file evidence and argument showing that his appeal was timely or that good cause existed for the delay. In that order, the administrative judge set forth the relevant regulatory framework for the timely filing of an appeal. Pursuant to the Board's regulations, when an appellant files a timely formal complaint of discrimination with the agency, an appeal must be filed with the Board within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue. *See* 5 C.F.R. § 1201.154(b). However, even if an appellant files an appeal late, the Board's time limit for filing a petition may be waived upon a showing of "good reason." 5 C.F.R. § 1201.22(c). Relying on *Alonzo v. Dep't of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980), the administrative judge noted that the factors considered in determining whether good reason had been shown include the length of delay, whether the appellant was notified or was aware of the time limit, the existence of circumstances beyond the appellant's

control affecting his ability to comply with the time limits, the degree to which the appellant was negligent, and the extent of any prejudice to the agency which would result from a waiver of the time limit.

Carter never contended that his July 1, 1999, appeal was timely. After the administrative judge ordered him to show that good cause existed for his delay, Carter made several assertions. He stated that the EEO counselor was an employee of the U.S. Postal Service and that there would be no question of timeliness if Carter had been "provided an independent E.E.O. Counselor." Carter did not explain why the EEO counselor was responsible for Carter's failure to file his appeal for nearly two years. Carter further asserted that the EEO counselor had given him certain incorrect information and improper forms. However, Carter did not explain how these alleged errors contributed to his delayed appeal. Finally, Carter stated that shortly after he received the final agency decision on August 29, 1997, he was referred to a law firm, where an attorney told him that his case would become part of a class action lawsuit. However, Carter also stated that in October of 1997, the attorney told him that his case would not be part of a class action.

In an October 15, 1999, initial decision, the administrative judge concluded that Carter's appeal was untimely and that there was no "good reason" for the delay. The administrative judge found Carter received notice of the agency's final decision on August 29, 1997, that Carter had 30 days from August 29, 1997, to file his appeal, and that Carter did not file has appeal until July 1, 1999, approximately 22 months after he received the agency's decision. The administrative judge also concluded that Carter had failed to establish a good reason for his delay. The administrative judge noted that Carter "waited

almost 2 years before filing his appeal" and that "the length of delay is not minimal." Regarding Carter's complaints about the EEO counselor, the administrative judge stated that Carter had failed to focus on what actions *Carter* took or did not take after receiving the final decision in August 1997. Regarding Carter's allegations about the possible class action lawsuit, the administrative judge noted that Carter still had not explained his inaction between October 1997 (when Carter was informed that his case would not be part of a class action) and July 1999. Finding Carter's delay to be lengthy and that Carter had "failed to show any circumstances that reasonably prevented him from filing his appeal," the administrative judge concluded that Carter "failed to demonstrate diligence or ordinary prudence that would excuse his late filing." The initial decision of the administrative judge became the final decision of the Board on April 26, 2000, when the Board denied Carter's petition for review.

## II

We may not disturb a final decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, otherwise contrary to law, or if the factual predicates of the decision are not supported by substantial evidence. *See* 5 U.S.C. § 7703(c).

██ Here, substantial evidence supports the Board's decision. There is no dispute that Carter's appeal was untimely. Carter received the agency's final decision on August 29, 1997, but Carter did not file an appeal with the Board until approximately 22 months later, on July 1, 1999. As the administrative judge correctly stated, Carter was required to file his appeal within 30 days from August 29, 1997. *See* 5 C.F.R. § 1201.154(b).

██ Substantial evidence also supports the Board's determination that Carter failed to establish good reason for the untimely filing of his appeal, as required by 5 C.F.R. § 1201.22(c). Carter has the burden of establishing a good reason for his untimely appeal to the Board. *See Krizman v. Merit Sys. Protection Bd.*, 77 F.3d 434, 438 (Fed.Cir.1996). In order to establish good reason, Carter was required to show that he exercised diligence or ordinary prudence in pursuing his appeal rights. *See Mendoza v. Merit Sys. Protection Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). Carter still has not given any plausible explanation for taking nearly two years to file his appeal. The fact that the EEO counselor was an agency employee does not in any way justify Carter's late filing. In addition, this court has noted that the "Board is not required to find good cause for an untimely appeal whenever an employee claims that the agency failed to provide him with all the information he regards as pertinent to his decision whether to challenge the agency action." *Krizman*, 77 F.3d at 439. Thus, the Board did not abuse its discretion in concluding that none of Carter's allegations regarding the EEO counselor giving him incorrect information or improper forms justified his long delay. Finally, Carter's allegations regarding his potential involvement in a class action lawsuit would justify at most a month or two of delay, as Carter concedes that he was notified in October 1997 that his case would not be part of a class action, and he still delayed for another 20 months before filing his appeal.

Because we conclude that the Board did not abuse its discretion and that it properly dismissed Carter's claim as untimely, we need not reach the government's alternative argument that the Board lacked jurisdiction over Carter's appeal because he elected to file a civil action in district court. The Board's dismissal is affirmed.

COSTS

No costs.